**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> v. <br> **BETILUZ SUAREZ,** <br>     **Defendant.** | 1:17-cr-96-WSD |

**OPINION AND ORDER**

This matter is before the Court on the Government's Motion *in Limine* to Admit Evidence Under Rule 404(b) of the Federal Rules of Evidence [91], and Betiluz Suarez's Motion to Strike Surplusage from the Indictment [99].

**I. BACKGROUND**

On March 8, 2017, a Northern District of Georgia grand jury returned a 13-count Indictment charging Defendants Betiluz Suarez ("Ms. Suarez"), Jose F. Polanco, and Alexander Alayo with various offenses in connection with their roles in a fraudulent marriage scheme, in violation of Title 18, United States Code, Sections 371 and 1546, and Title 8, United States Code, Sections 1324 and 1325(c). ([1]). Specifically, the Indictment alleges that Ms. Suarez arranged several of the fraudulent marriages, served as the notary public for documents related to the marriages, and coached co-conspirators who engaged in the

marriages in evading detection by immigration officials. All the Defendants are accused of committing these criminal acts in exchange for payments from the aliens who hoped to attain lawful status in the United States by marrying Cuban nationals. The Indictment alleges that the Defendants' conspiracy spanned from in or around April 16, 2012, through in or about March 2017.

In its Motion *in Limine*, the Government alleges that on or about October 19, 2009, and January 29, 2010, Ms. Suarez arranged fraudulent marriages separate from those alleged in the Indictment. The Government seeks to introduce evidence at Ms. Suarez's trial in the form of testimony from D. Rodriguez and A. Lopez, both Uruguayan aliens, whom the Government alleges were fraudulently wed to Cuban nationals in a scheme Ms. Suarez orchestrated in a similar fashion to the indicted offenses. The Government anticipates that Mr. Rodriguez and Ms. Lopez will testify that Ms. Suarez: (1) arranged the fake marriages by introducing the couples; (2) advised the couples to live together for a time and open joint bank accounts to avoid detection; (3) notarized immigration documents that were required for the aliens to obtain a change in their legal status in the United States; and (4) received payment for arranging the fake marriages. ([91] at 5). Both proposed witnesses admitted to government agents that they married Cuban nationals to attain legal status in the United States.

## II. DISCUSSION

### A. Legal Standard Regarding Prior Bad Acts Evidence

"Federal Rule of Evidence 404(b) 'is a rule of inclusion, and . . . accordingly 404(b) evidence, like other relevant evidence, should not be excluded when it is central to the prosecution's case.'" United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006) (citing United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003)).

> Under Rule 404(b):
>
> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404. "Evidence is admissible under Rule 404(b) if: (1) it is relevant to an issue other than the defendant's character; (2) the prior act is proved sufficiently to permit a jury determination the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and it must satisfy Federal Rule of Evidence 403." Eckhardt, 466 F.3d at 946.

B. <u>Analysis Regarding Mr. Rodriguez's and Ms. Lopez's Proposed Testimony</u>

1. <u>The Witness Testimony is Susceptible to Sufficient Proof</u>[1]

To admit evidence of extrinsic acts under Rule 404(b), there must be an adequate basis for the jury to conclude that the defendant actually committed the extrinsic acts sought to be admitted. See <u>United States v. Miller</u>, 959 F.2d 1535, 1538 (11th Cir.1992) (en banc). "The prosecution can introduce evidence of a defendant's otherwise admissible acts if the jury could find by a preponderance of the evidence that the acts did in fact occur." <u>United States v. Bowe</u>, 221 F.3d 1183, 1192 (11th Cir. 2000) (citing <u>Huddleston v. United States</u>, 485 U.S. 681, 689 (1988).

Ms. Suarez's alleged prior acts involving the marriages of Mr. Rodriguez and Ms. Lopez are susceptible to sufficient proof. Both witnesses participated in proffer sessions with government agents during which they admitted to marrying Cuban nationals to circumvent the immigration laws of the United States. They are both expected to testify to specific details regarding their marriages to Cuban nationals and that Ms. Suarez initiated and facilitated the arranged marriages.

---

[1] Ms. Suarez concedes that "the Government will likely succeed in satisfying the relevancy prong of 404(b)." [100] at 3.

Defendant's argument that the proposed testimony requires further corroborating or physical evidence is unsupported. "In this circuit, the uncorroborated word of an accomplice . . . provides a sufficient basis for concluding that the defendant committed extrinsic acts admissible under Rule 404(b). <u>Bowe</u>, 221 F.3d at 1192 (citing <u>United States v. Trevino</u>, 565 F.2d 1317, 1319 (5th Cir.1978)).

> 2. <u>The Witness Testimony Is Highly Probative and Is Not Substantially Outweighed By Prejudicial Effect</u>

Admission of evidence under Rule 404(b) requires a court to determine, under Rule 403, whether the probative value of the extrinsic evidence is substantially outweighed by any undue prejudicial effect. Fed. R. Evid. 403. Factors to consider include the difference between the charged and extrinsic offenses, their temporal remoteness, the posture of the case, and the Government's need for the evidence to prove intent. <u>See</u> <u>United States v. Diaz-Lizaraza</u>, 981 F.2d 1216, 1225 (11th Cir. 1993).

The Court first considers the similarity between Ms. Suarez's charged offenses and the uncharged conduct that will be the subject of the proposed testimony. "Evidence of a similar act must meet a threshold level of similarity in order to be admissible to prove intent." <u>United States v. Long</u>, 328 F.3d 655, 661 (D.C. Cir. 2003). Defendant here is charged with arranging fraudulent marriages

beginning in April 2012. For each of the counts charged the Government must prove Ms. Suarez's intent. The arranged marriages, about which Mr. Rodriguez and Ms. Lopez will testify, occurred in 2009 and 2010 and are probative of Ms. Suarez's intent to arrange the marriages for which she is charged. Here, the facts underlying both the prior uncharged acts and the charged offenses are very similar and the probative value of Ms. Lopez's and Mr. Rodriguez's testimony is high.

The Government seeks to introduce evidence that Ms. Suarez, for pay, arranged Ms. Lopez's and Mr. Rodriguez's fraudulent marriages. The witnesses are expected to testify that Ms. Suarez: (1) arranged the fraudulent marriages by introducing the couples; (2) told the couples methods to avoid detection by immigration officials; (3) notarized immigration documents required for the aliens to obtain a change in their legal status in the United States; and (4) received payment for arranging the fake marriages. Ms. Suarez concedes that "[t]he conduct charged in the indictment is largely similar [to the prior bad acts]. . . . The testimony of those named in the indictment will likely be similar to the testimony of those witnesses named in the motion *in limine* (both will likely describe Ms. Suarez's methods and practices in detail)." Accordingly, the Court finds that the testimony of Mr. Rodriguez and Ms. Lopez is relevant, highly probative, and

sufficiently similar to the charges offenses to allow for its inclusion. See United States v. Pacheco, No. 16-16713, 2017 WL 4149265, at *2 (11th Cir. Sept. 19, 2017 ("A prior crime need not be factually identical in order for it to be probative").

The marriages allegedly arranged involving Ms. Lopez and Mr. Rodriguez occurred within three years of the indicted offenses. This weighs heavily in favor of admission. In United States v. Butler, 102 F.3d 1191 (11th Cir. 1997), the Eleventh Circuit held that a three-year-old prior conviction for possession of cocaine for personal use was relevant and admissible to demonstrate defendant's intent in the charged conspiracy for possession with intent to distribute. Id. at 1195-96. Ms. Suarez's prior acts are close enough in time so as to not require their exclusion.[2]

Ms. Suarez has pleaded not guilty to conspiring to commit the offense of marriage fraud, and other violations, placing the question of her intent squarely at issue. The other-crimes evidence that the Government seeks to admit is highly relevant here. See e.g., United States v. Matthews, 431 F.3d 1296, 1311 (11th Cir.

---

[2] Defendant concedes that "Standing alone, the temporal remoteness between the conduct alleged in the indictment and the extrinsic conduct is not great enough as to render the prior acts as inadmissible." ([100] at 7).

2005) (finding that a not guilty plea in a conspiracy case makes the defendant's intent a material issue, and extrinsic evidence of intent is thus admissible).

The Court finds the testimony of Mr. Rodriguez and Ms. Lopez is admissible on the issue of Ms. Suarez's intent, motive, and plan in engaging in the charged conduct and is allowed with an appropriate limiting instruction.[3]

C. <u>Defendant's Motion to Strike Surplusage</u>

Ms. Suarez moves, under Rule 7 of the Federal Rules of Criminal Procedure, to strike what she calls surplus language from the Indictment. ([99]). Ms. Suarez argues that identifying her as "a Cuban national who obtained United States Citizenship," as stated in the "Manner and Means" section of Count One of the Indictment, is "not relevant to the charge and is inflammatory and prejudicial." ([99] at 2).

Rule 7 of the Federal Rules of Civil Procedure provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7. "A motion to strike surplusage from an

---

[3] The Court intends to give this limiting instruction: D. Rodriguez and A. Lopez have testified regarding marriages into which they entered on or about October 19, 2009, and January 29, 2010. This testimony may be considered by you for a limited purpose. Specifically, you may consider it only in determining Ms. Suarez's intent, motive, or plan to engage in the crimes for which she is charged.

8

indictment should not be granted 'unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. This is a most exacting standard.'" United States v. Brye, 318 F. App'x 878, 880 (11th Cir. 2009) (quoting United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992)).

Ms. Suarez has not stated a basis for finding that the reference in the indictment to her as "a Cuban national who obtained United States citizenship" is prejudicial. The reference is background information that may be relevant to Ms. Suarez's familiarity with the immigration system of the United States. Ms. Suarez's motion to strike is denied. See, e.g., United States v. Stein, 429 F.Supp.2d 633, 647 (S.D.N.Y. 2006) ("While defendants doubtless wish that the government had employed less colorful and prejudicial language, these terms are relevant to the conspiracy of which they stand accused. Such relevant language may not be stricken, no matter how prejudicial it may be.").

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion *in Limine* to Admit Evidence Under Rule 404(b) of the Federal Rules of Evidence [91] is **GRANTED**.

**IT IS FURTHER ORDERED** that Ms. Suarez's Motion to Strike Surplusage from the Indictment [99] is **DENIED**.

**SO ORDERED** this 14th day of December, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE